CLARK DREDGING Co., a Texas Corporation Authorized to do Business in the State of Florida, *Appellant, v.* SUNNY ISLES OCEAN BEACH Co., a Corporation Organized and Existing Under the Laws of the State of Florida, and H. B. GRAVES, *Appellees.*

Division B.

Opinion filed April 26, 1928.

Petition for rehearing denied April 2, 1929.

1078

*S. J. Barco,* Attorney for Appellant;

*Mitchell D. Price* and *Robert J. Boone,* Attorneys for Appellees.

BUFORD, J.—The appeal in this case is from an order sustaining the demurrer to the bill of complaint and dismissing the bill. That part of the bill of complaint necessary to be considered here is as follows:

"That on or about the 11th day of May, A. D. 1926, the defendant, Sunny Isle Ocean Beach Co., was seized and possessed of the following described property, situate, lying and being in Dade County, Florida, and more particularly described as follows:

"Two tracts of land known as Atlantic Island and Fairland Island, as shown on unrecorded maps of the Sunny Isles Ocean Beach Company, all of said tracts being situate in the north half (N½) of Section 14, Range 42 East, Township 52 South, all lying East of Biscayne River and South of Bella Vista Subdivision as said subdivision is

recorded in Plat Book 8, page 128 of the Public Records of Dade County, Florida; Atlantic Island containing twenty-two (22) acres, more or less, and Fairland Island containing three (3) acres, more or less;

"And being so seized and possessed of said property either on the said 11th day of May, 1926, or at a time prior thereto, the said defendant, Sunny Isles Ocean Beach Co., through its president H. B. Graves, entered into a certain contract whereby they hired and retained your Orator to do certain dredging work and fill work in and about the above described property; that under and by virtue of said contract, your Orator complied with and abided by each and every term of the contract so entered into and did perform the dredging work and fill work therein mentioned on the property above described; and did actually build, construct and make the above described land; that after the completion of the work above set forth your Orator did render to said Sunny Isles Ocean Beach Co. an itemized statement and account of the work and labor done by it as aforesaid, which statement totals the sum of $6,134.88 a copy of which itemized statement is attached to the certified copy of Notice of Lien attached to this Bill of Complaint and marked Complainant's Exhibit 'A', and said itemized statement is made a part of this Bill of Complaint as if it were fully set out herein.

3.

"Your Orator further shows unto the Court that on the 18th day of November, 1926, it filed in the office of the Clerk of the Circuit Court in and for Dade County, Florida, notice of its intention to hold lien upon the property hereinbefore described, in and by which said Notice of intention to hold lien it was stated that the said defendants were indebted to your Orator in the sum of $6,134.88 and that your Orator in and by said notice

did claim a lien in and upon said land in the amount of $6,134.88; that a true copy of said notice of lien was served on the defendant Sunny Isles Ocean Beach Co., on the 21st day of December, 1926, a certified copy of which said notice of intention to hold lien is hereby attached to this Bill of Complaint and marked Complainant's Exhibit 'A' and hereby made a part hereof as though fully set out herein.

4.

"Your Orator did further show unto the Court that by reason of the premises and the matters and things herein alleged they do hold a material and labormen's lien against the said defendant and upon the property herein before described in the amount of $6,134.88 together with interest thereon from the date said sum became due and payable to the day of payment."

It is apparent that the demurrer was sustained and the bill dismissed upon the theory that the lien statutes in this State do not apply to labor done or material furnished in construction work of that class and kind alleged to have been performed by the complainant, who is appellant here. It is contended by the appellees that the appellant relies upon Sec. 3496 Rev. Gen. Stats. of Florida which reads as follows:

For labor on buildings and structures.—In favor of any mechanic, laborer or other person who shall perform by himself or others any labor upon, or in the construction or repair of any building or other work or structure, or additions to or upon any fixtures therein or thereon; upon said buildings, work or structure and the land upon which it stands.

It appears that the appellant does rely somewhat on this section of the statute but it further appears that the ap-

pellant also relies upon Sec. 3498 Rev. Gen. Stats. of Fla., which was originally Sec. 4 of Chap. 5143, Acts of 1903, an Act entitled "An Act To Provide Liens For Materialmen, Mechanics, Artisans and Laborers and to Provide the Manner in Which Such Liens shall be Acquired and to Provide a Remedy for the Enforcement of such Liens," and Sec. 4 of the Act was:

> Liens shall exist in favor of any person performing by himself or others any labor upon or in any farm, orchard, grove, garden, park or other grounds, whether in clearing up, fencing, ditching or draining, or in maintaining, improving or cultivating the same; upon such farm, orchard, grove, garden, park or other grounds.

In view of the provisions of this latter quoted section of the statutes, we do not deem it necessary to determine whether or not such material furnished and labor done in the performance of work as alleged in the bill of complaint may result in the acquisition of a lien in favor of the person performing such construction and labor on the land upon which such material has been furnished and labor performed under the provisions of Section 3496 Rev. Gen. Stats. of Fla., as it is clear to us that such a lien is acquired under the provisions of Section 3496 Rev. Gen. Stats. of Fla., originally Section 4 of Chapter 5143, Acts of 1903.

The allegations of the bill of complaint are equivalent to the allegation that the complainant under contract with the defendant, who was then the owner of and in possession of the grounds described in the bill of complaint, performed certain labor in maintaining and improving such grounds. The Court will take judicial cognizance of the fact that dredging earth on to submerged or marsh lands and thereby

raising the surface of the grounds above the water, and thereby building, constructing and making land is a material improvement to the grounds. The bill alleges ''Your Orator complied with and abided by each and every term of the contract so entered into and did perform the dredging work and fill work therein mentioned on the property above described and did actually build, construct and make the above described land.''

We, therefore, hold that where a person, firm or corporation dredges and fills in submerged or marsh lands under a contract with the owner to do such dredging, filling and improving the one performing such labor acquires a lien upon the grounds so dredged, filled and improved for the amount found to be due from the owner to the person, firm or corporation performing, by himself or others, the labor incident to such dredging, filling and improving and it is immaterial whether such labor be performed by hand or by the use of machinery. The order sustaining the demurrer and dismissing the bill of complaint is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.